NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1032-15T3

KIMBERLYNN JURKOWSKI,

 Petitioner-Appellant,

v.

BOARD OF EDUCATION OF
THE CITY OF ATLANTIC CITY,
ATLANTIC COUNTY, AND DONNA
HAYE, SUPERINTENDENT,

 Respondents-Respondents.
——————————————————————————————————-

 Argued January 19, 2017 – Decided July 12, 2017

 Before Judges Lihotz and Hoffman.

 On appeal from the Department of Education,
 Docket No. 252-9/14.

 Wesley L. Fenza argued the cause for
 appellant.

 James J. Panzini argued the cause for
 respondents Board of Education of the City of
 Atlantic City, Atlantic County and Donna Haye
 (Jackson Lewis P.C., attorneys; Mr. Panzini,
 on the brief; Diane M. Shelley, of counsel and
 on the brief).

 Christopher S. Porrino, Attorney General,
 attorney for respondent Department of
 Education (Geoffrey N. Stark, Deputy Attorney
 General, on the statement in lieu of brief).
PER CURIAM

 Petitioner Kimberlynn Jurkowski appeals from the September

28, 2015 decision of the Commissioner of the Department of

Education (Commissioner), adopting the order of the Office of

Administrative Law (OAL) granting summary decision in favor of

respondents, Board of Education of the City of Atlantic City (A.C.

Board), Atlantic County, and Donna Haye, Superintendent. In her

petition, Jurkowski sought reinstatement of her employment with

the A.C. Board and back pay. We affirm.

 We begin by summarizing the relevant facts and procedural

history. According to petitioner, the A.C. Board hired her as an

educational media specialist in October 2005, and she received

tenure in 2008. In 2005, petitioner's son began kindergarten in

the Hamilton Township School District, and in 2008, her daughter

began kindergarten in the same district. Both children had

difficulties in school and petitioner sought additional services

for them from the Hamilton Township Board of Education (Hamilton

Board).

 In January 2010, petitioner reached a settlement with the

Hamilton Board, which agreed to provide her son with home

instruction; however, no teacher was available to provide the home

instruction at that time. A month later, petitioner suggested

Midge Spencer, who owned a business called Bridges Educational
 2 A-1032-15T3
Consulting Services, as a homebound instructor for her son. The

Hamilton Board approved Spencer, and she began providing

instruction to petitioner's son. In September 2010, the Hamilton

Board also approved Spencer to provide homebound instruction to

petitioner's daughter. According to petitioner, "Ms. Spencer

would give me invoices to sign for her tutoring services. I often

signed batches of them at a time because I did not see her every

day."

 At some point in 2011, Spencer stopped providing tutoring

services to petitioner's children; petitioner and her children

then moved to another school district. Notwithstanding this

development, Spencer continued to submit invoices signed by

petitioner to the Hamilton Board, fraudulently representing the

hours she spent with petitioner's children. On July 25, 2012,

petitioner was arrested and charged with conspiracy, N.J.S.A.

2C:5-2(a)(1); theft by deception, N.J.S.A. 2C:20-4(a); forgery,

N.J.S.A. 2C:21-1(a)(2); and falsifying or tampering with records,

N.J.S.A. 2C:21-4(a).

 By letter, petitioner promptly informed the A.C. Board's

superintendent of the criminal charges. On August 7, 2012, the

superintendent suspended petitioner with pay, based upon the

pending charges. In December 2012, petitioner informed the

superintendent she had been indicted. Effective January 14, 2013,

 3 A-1032-15T3
the A.C. Board suspended petitioner without pay based upon her

indictment.

 Petitioner applied for Pretrial Intervention (PTI) in

February 2013, but the prosecutor rejected her application.

Petitioner proceeded to trial in October 2013. On October 23,

2013, at the end of a two-day trial, the judge dismissed two

conspiracy charges and the jury returned a guilty verdict on the

remaining charges, theft by deception and falsifying records. In

accordance with Rule 3:21-5, the trial judge did not enter a

judgment of conviction at that time.

 By letter dated October 30, 2013, the superintendent advised

petitioner that based upon the jury verdict, her employment with

the A.C. Board was terminated, effective October 23, 2013, pursuant

to N.J.S.A. 2C:51-5(a)(8).1 On November 5, 2013, petitioner

informed the New Jersey Department of Higher Education of her

intentions to appeal the jury verdict as well as the termination

of her employment.

 On December 6, 2013, petitioner filed a motion to set aside

the jury verdict. Before the trial court decided the motion, the

prosecutor consented to petitioner's admission into PTI on the

condition she forfeit her current employment. When asked by the

1
 N.J.S.A. 2C:51-5(a)(8) provides that a person convicted of a
third-degree crime will automatically have his or her professional
license suspended.
 4 A-1032-15T3
trial judge if the terms were agreeable with petitioner,

petitioner's counsel stated he went over the PTI terms with his

client and acknowledged "[this] matter[] involves a potential

revocation of a teacher's license. She understands also that the

present position, however, would be one of the conditions, I guess,

in addition to the usual conditions of pre-trial intervention."

The trial judge postponed sentencing pending the successful

completion of PTI. The judge then stated, "[S]he will forfeit

current employment only, and I understand that . . . probably is

mooted because I believe she's unemployed at the present time, is

that correct?" Petitioner's counsel responded,

 She's at least suspended on her present
 employment in any way, and just so the record
 is clear, she agrees that that would remain
 and not be contested . . . because this
 reserves her right[,] the whole purpose to
 attempt to take her position later on
 regarding her teacher's license based on the
 absence of a judgment of conviction here,
 assuming that she does the pre-trial regiment.

 Petitioner completed PTI on June 16, 2014, resulting in the

dismissal of the charges against her. On June 17, 2014, plaintiff

sent a letter to the superintendent seeking reinstatement of her

employment and back pay, claiming this was in accordance with

their discussion at a July 2012 meeting. The superintendent

responded on July 16, 2014, denying petitioner's request for

 5 A-1032-15T3
reinstatement based upon her acceptance of the PTI condition

requiring she forfeit her employment.

 On September 12, 2014, petitioner filed a petition with the

Commissioner seeking reinstatement of her employment and back pay

from the A.C. Board. The Commissioner treated the petition as a

contested case, pursuant to N.J.S.A. 52:14B-1 to -15 and N.J.S.A.

52:14F-1 to -13, and transferred the matter to the OAL on October

23, 2014.

 Before the OAL, petitioner argued she was under the

impression, when she entered PTI, the condition requiring she

forfeit her current employment was moot as she was already

terminated by the A.C. Board, pursuant to the superintendent's

October 30, 2013 letter. However, a certification from

petitioner's criminal defense attorney, H. Robert Boney, Jr.,

directly contradicted petitioner's claimed understanding of the

PTI agreement:

 I fully explained in detail to [petitioner]
 that by accepting the conditions to enter PTI,
 she was no longer entitled to reinstatement
 to seek her position with the Atlantic City
 Board of Education. Instead, she could seek
 employment with the Atlantic City Board of
 Education or any other School District but the
 Board of [E]ducation was not required to hire
 her into her prior position or any other
 position.

 The A.C. Board filed a motion for summary decision, which an

Administrative Law Judge (ALJ) granted on June 29, 2015. The ALJ
 6 A-1032-15T3
concluded, absent a judgment of conviction, the A.C. Board could

not terminate plaintiff's employment without the proper tenure

charges and due process protections. The ALJ found the A.C. Board

incorrectly equated a jury verdict as the "legal equivalent of a

judgment of conviction and forfeiture" when the superintendent

sent her October 30 letter. Therefore, petitioner remained

employed by the A.C. Board at the time she entered into the PTI

program and agreed to forfeit her current employment.

 Petitioner filed exceptions to the ALJ's decision, and the

Commissioner issued a final decision dated September 28, 2015.

The Commissioner accepted and adopted the ALJ's findings of fact

and determination, upholding the order granting summary decision

in favor of respondents. This appeal followed.

 On appeal, petitioner argues that (1) she was not employed

with the A.C. Board when she forfeited her current employment, (2)

the A.C. Board's interpretation of the PTI agreement was contrary

to her reasonable expectations, and (3) summary decision in this

matter was premature.

 We have carefully considered the record and conclude

petitioner's arguments are entirely without merit. We affirm

substantially for the reasons set forth in the final decision of

the Commissioner. R. 2:11-3(e)(1)(D). We add the following

comments.

 7 A-1032-15T3
 It is well established that "[i]n light of the executive

function of administrative agencies, judicial capacity to review

administrative actions is severely limited." In re Musick, 143

N.J. 206, 216 (1996). We will intervene "only in those rare

circumstances in which an agency action is clearly inconsistent

with its statutory mission or other state policy." Ibid.

 Our review of a final decision of an administrative agency

is limited to three inquiries: (1) whether the agency's action is

consistent with the applicable law; (2) whether there is

substantial credible evidence in the record to support the factual

findings upon which the agency acted; and (3) whether, in applying

the law to the facts, "the agency clearly erred in reaching a

conclusion that could not reasonably have been made on a showing

of the relevant factors." Ibid. (citing Campbell v. Dep't of

Civil Serv., 39 N.J. 556, 562 (1963)).

 Furthermore, when reviewing an agency's factual finding, "an

appellate court may not 'engage in an independent assessment of

the evidence as if it were the court of first instance.'" In re

Taylor, 158 N.J. 644, 656 (1999) (quoting State v. Locurto, 157

N.J. 463, 471 (1999)). The findings of fact made by an

administrative agency are binding on appeal if they are supported

by substantial, credible evidence. Id. at 656-57 (citing Close

v. Kordulak Bros., 44 N.J. 589, 599 (1965)).

 8 A-1032-15T3
 We are satisfied the record contains sufficient credible

evidence to support the Commissioner's determination to adopt the

summary decision of the ALJ as the final agency decision and to

dismiss petitioner's appeal. The record fully supports the

conclusion petitioner remained employed by the A.C. Board on the

date she entered PTI as the superintendent's October 30, 2013

letter was procedurally defective.

 We also reject petitioner's argument that summary decision

should not have been granted prior to the completion of discovery.

Petitioner simply argues there are "likely" many documents in

support of her position, falling short of demonstrating with any

degree of particularity the need for discovery.

 Notably, the ALJ stated he addressed the motion before him

solely on the legal issues. Our Supreme Court has held, "Purely

legal questions . . . are questions of law particularly suited for

summary judgment." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544,

555 (2015). Therefore, the Commissioner correctly concluded the

ALJ properly decided the summary decision motion based upon the

legal questions presented.

 We are satisfied that the Commission's decision was not

arbitrary, capricious, or unreasonable. Any arguments not

specially addressed lack sufficient merit to warrant discussion

in a written opinion. R. 2:11-3(e)(1)(E).

 9 A-1032-15T3
Affirmed.

 10 A-1032-15T3